IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 7:25-cv-09341

AUGUST IMAGE, LLC,

      Plaintiff,

v.

TOWNSQUARE MEDIA, INC. d/b/a MAJIC
93.3, d/b/a MIX 95.7 WEST MICHIGAN,
d/b/a SCREEN CRUSH, d/b/a THE
BOOMBOX,

      Defendant.

## COMPLAINT

Plaintiff August Image, LLC ("Plaintiff") sues defendant Townsquare Media, Inc. d/b/a Majic 93.3, d/b/a Mix 95.7 West Michigan, d/b/a Screen Crush, d/b/a The BoomBox ("Defendant"), and alleges as follows:

## THE PARTIES

1.     Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2.     Defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 4 Manhattanville Road, Suite 107, Purchase, NY 10577. Defendant's agent for service of process is Bill Wilson, 4 Manhattanville Road, Suite 107, Purchase, NY 10577.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent resides or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I.    Plaintiff's Business and History

6.    From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.    Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.    Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II.    The Work at Issue in this Lawsuit

9.    Austin Hargrave, Mark Williams and Sara Hirakawa ("Williams + Hirakawa"),

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

William Arthur Streiber, Sebastian Kim, Martin Schoeller, and Mark Alan Seliger are some of many renowned photographers represented by Plaintiff.

10.    Austin Hargrave, a British photographer, is from Manchester, England and is based in Los Angeles, California.  His career began as a local news photographer where he developed numerous rolls of black and white film manually and then went on to shoot for the local newspaper.  Mr. Hargrave spent numerous years traveling the globe as a photojournalist, capturing everything from tsunamis to the War in Iraq. His work can be viewed on his professional website at (https://austinhargrave.com/).

11.    Williams + Hirakawa are a photography duo who teamed together in 2003. The collaboration of both of their artistic styles allows them to differentiate themselves from other photographers by paying attention to the details and not to force their subjects into the picture. They've shot for clients such as Neiman Marcus, Target, *Vanity Fair*, *Rolling Stone*, *Vogue Japan, Interview*, Capital Records, and many more.  Their work can be viewed on their professional website at (https://www.williamshirakawa.com/wh2020/).

12.    William Arthur Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects. Mr. Streiber's editorial and entertainment clients include *Vanity Fair*, *Entertainment Weekly*, Wired, *Fortune*, *ESPN*, *GQ*, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few. Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at http://www.artstreiber.com/).

13.    Sebastian Kim is an American fashion and portrait photographer based in Brooklyn.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Born in Vietnam and raised in Iran, France, and Southern California, he began his career assisting Richard Avedon where he was introduced to portraiture and learned the significance of connecting with the subject to tell their unique story. Furthering his training, Mr. Kim assisted the renowned Steven Meisel before embarking on his own in 2007. His work can be viewed on his professional website (at http://www.sebastiankim.com/).

14.    Martin Schoeller is a distinguished contemporary portrait photographer most known for his extreme close-up photographs. After studying photography at the Lette Verein, he moved to New York in the 1990s and initiated his career. Mr. Schoeller's work soon gained respect for its robust visual impact and has contributed for over two decades to publications including *The New Yorker*, *TIME*, *Rolling Stone*, *Vanity Fair*, *National Geographic*, among others. He has won several accolades, markedly receiving acclaim for his Colin Kaepernick photograph in Nike's "Just Do It" campaign. Mr. Schoeller's work can be viewed on his professional website (at https://martinschoeller.com/).

15.    Mark Alan Seliger, born in Amarillo Texas, became the Chief Photographer for *Rolling Stone* between the years 1992-2002, for which he shot over 175 covers. Most of his work can be seen in *Vanity Fair*, *Italian Vogue*, *Harper's Bazaar*, *Elle* and other magazines. He also does advertising work for Adidas, Anheuser-Busch, Levi's, McDonald's, Netflix, Ralph Lauren, Ray-Ban and more. He is the recipient of many esteemed awards like Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, Cannes Lions Grand Prix, The One Show, ASME, SPG, the Texas Medal of Arts Award, and has works exhibited in museums and galleries around the world, like the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London. Mr. Seliger's work can be viewed on his professional website (at https://www.markseliger.com/).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

16.    Mr. Hargrave created a professional photograph of Mary J. Blige (titled "AU11349545") (the "First Photograph").   Williams + Hirakawa created a professional photograph of Jayden Smith (titled "Variety_US_August2016_JaydenSmith") (the "Second Photograph"). Mr. Streiber created a professional photograph of Emilia Clarke in a movie scene from "Terminator 5" (titled "AU1512511") (the "Third Photograph"). Mr. Kim created a professional photograph of Ben Affleck (titled "AU1993459") (the "Fourth Photograph"). Mr. Schoeller created a professional photograph of Patrick Bateman (titled "AU195723") (the "Fifth Photograph"). Mr. Seliger created a professional photograph of Ben Affleck (titled "BenAffleck/Details/pg123") (the "Sixth Photograph"). Mr. Streiber created a professional photograph of a scene from the television show "The Walking Dead" (titled "AU1336591") (the "Seventh Photograph"). Mr. Seliger created a professional photograph of Lil' Wayne (titled "Eminem/Lil Wayne/GQ/pg 159/ 2011-076_Shot_03NK_058") (the "Eighth Photograph"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Eighth Photograph, the corresponding US Copyright Office registration number for such photographs, and one or more screenshots of the alleged infringement of such photographs.

17.    The First Photograph was registered by Mr. Hargrave with the Register of Copyrights on March 11, 2020 and was assigned Registration No. VA 2-199-792. The Second Photograph was registered by Williams + Hirakawa with the Register of Copyrights on October 1, 2018 and was assigned Registration No. VA 2-126-555. The Third Photograph was registered by Mr. Streiber with the Register of Copyrights on March 31, 2020 and was assigned Registration No. VA 2-201-769. The Fourth Photograph was registered by Mr. Kim with the Register of

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Copyrights on March 11, 2020 and was assigned Registration No. VA 2-199-818. The Fifth Photograph was registered by Mr. Schoeller with the Register of Copyrights on November 3, 2020 and was assigned Registration No. VA 2-230-378. The Sixth Photograph was registered by Mr. Seliger with the Register of Copyrights on October 8, 2019 and was assigned Registration No. VA 2-182-569. The Seventh Photograph was registered by Mr. Steiber with the Register of Copyrights on March 31, 2020 and was assigned Registration No. VA 2-201-749. The Eighth Photograph was registered by Mr. Seliger with the Register of Copyrights on July 23, 2018 and was assigned Registration No. VA 2-117-144. A true and correct copy of each Certificate of Registration pertaining to the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Eighth Photograph are attached hereto as **Exhibit "B."**

18.    Mr. Hargrave is the owner of the First Photograph and has remained the owner at all times material hereto.

19.    Williams + Hirakawa are the owners of the Second Photograph and have remained the owners at all times material hereto.

20.    Mr. Streiber is the owner of the Third Photograph and Seventh Photograph and has remained the owner at all times material hereto.

21.    Mr. Kim is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

22.    Mr. Schoeller is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

23.    Mr. Seliger is the owner of the Six Photograph and Eighth Photograph and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

24.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Eighth Photograph are collectively referred to herein as the "Work."

25.     For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

## III.     Defendant's Unlawful Activities

26.     Defendant owns and operates a digital and broadcast media company that provides marketing solutions, with a principal focus on markets outside the top 50 in the U.S. Defendant promotes on its business website to be the "3RD LARGEST OWNER OF RADIO STATIONS IN THE USA WITH 342 LOCAL STATIONS" and "400+ LOCAL WEBSITES ACROSS 74 MARKETS." Two of Defendant's radio stations, Majic 93.3 and Mix 95.7 West Michigan, cover a range of topics, including local news, weather updates, business developments, and entertainment features. Two of Defendant's media websites, Screen Crush and The BoomBox, provide entertainment news, including but not limited to R&B and hip-hop, lifestyle, film, and television.

27.     Defendant     advertises/markets     its     business     through     its     websites     (e.g., https://www.townsquaremedia.com/,          https://mymajic933.com/,          https://mix957gr.com/,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

https://screencrush.com/, and https://theboombox.com/), social media (e.g., https://www.facebook.com/TownsquareMedia, https://x.com/townsquaremedia, https://www.linkedin.com/company/townsquare-media, https://www.facebook.com/majic933, https://x.com/majic933, https://www.facebook.com/Mix957GR, https://x.com/Mix957GR, https://x.com/screencrushnews, https://www.youtube.com/user/screencrush, https://www.instagram.com/screencrush, https://www.facebook.com/ScreenCrush/, https://www.facebook.com/TheBoombox, https://www.youtube.com/user/theboomboxchannel1, and https://x.com/theboombox), and other forms of advertising.

28.    On March 21, 2018 (prior to the above-referenced copyright registration of the First Photograph), Defendant displayed and/or published the First Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

29.    On August 30, 2016 (prior to the above-referenced copyright registration of the Second Photograph), Defendant displayed and/or published the Second Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

30.    On April 21, 2016 (prior to the above-referenced copyright registration of the Third Photograph), Defendant displayed and/or published the Third Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

31.    On September 19, 2013 (prior to the above-referenced copyright registration of the Fourth Photograph), Defendant displayed and/or published the Fourth Photograph on its website,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

32.     On September 10, 2013 (prior to the above-referenced copyright registration of the Fifth Photograph), Defendant displayed and/or published the Fifth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

33.     On August 22, 2013 (prior to the above-referenced copyright registration of the Sixth Photograph), Defendant displayed and/or published the Sixth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

34.     On July 29, 2013 (prior to the above-referenced copyright registration of the Seventh Photograph), Defendant displayed and/or published the Seventh Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

35.     On October 10, 2013 (prior to the above-referenced copyright registration of the Eighth Photograph), Defendant displayed and/or published the Eighth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

36.     A true and correct copy of the screenshot of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

37.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

38.     Defendant utilized the Work for commercial use.

39.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

40.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff's earliest discovery of Defendant's unauthorized use/display of at least one photograph comprising the Work was November 9, 2022.

41.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

42.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 as set forth above.

43.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

44.     Mr. Hargrave owns a valid copyright in the First Photograph, having registered such photograph with the Register of Copyrights.

45.     Williams + Hirakawa own a valid copyright in the Second Photograph, having registered such photograph with the Register of Copyrights.

46.     Mr. Streiber owns a valid copyright in the Third Photograph and Seventh Photograph, having registered such photographs with the Register of Copyrights.

47.     Mr. Kim owns a valid copyright in the Fourth Photograph, having registered such photograph with the Register of Copyrights.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

48.    Mr. Schoeller owns a valid copyright in the Fifth Photograph, having registered such photograph with the Register of Copyrights.

49.    Mr. Seliger owns a valid copyright in the Sixth Photograph and Eighth Photograph, having registered such photographs with the Register of Copyrights.

50.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

51.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

52.    Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

53.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

54.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

55.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

56.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

Dated: November 7, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
christine@copycatlegal.com

By: /s/ Daniel DeSouza____
        Daniel DeSouza, Esq.
        Christine Zaffarano, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228